54 N.Y.2d 781 (1981)
In the Matter of Bruce Kogan, Respondent,
v.
Ronald D'Angelo, Appellant. (And Another Proceeding.)
Court of Appeals of the State of New York.
Argued September 1, 1981.
Decided September 3, 1981.
Louis J. Marrero for appellant.
Henry Stanziale for respondent.
Chief Judge COOKE and Judges GABRIELLI, JONES, WACHTLER, FUCHSBERG and MEYER concur; Judge JASEN dissents and votes to affirm in an opinion.
*782 MEMORANDUM.
The order of the Appellate Division should be reversed and the matter remitted to that court for its consideration of the facts.
The Trial Judge, based on a stipulation that 45 of the 58 signatures obtained by a subscribing witness failed to match signatures on the buff card, struck those signatures but declined to strike the remaining 13 signatures. He made no finding that the 45 signatures were fraudulently obtained. The Appellate Division, reversing on the law *783 alone, held that the remaining 13 signatures should have been stricken, thus reducing the total below the 4,201 signatures required and invalidating the petition.
The stipulation made did not by itself establish such gross irregularity or fraudulent practice with respect to the 45 signatures as to bring into play the permeation principle announced in the cases on which the Appellate Division relied. It was, therefore, error to invalidate the remaining 13 signatures as a matter of law.
JASEN, J. (dissenting).
While I agree that a determination whether irregularities or fraudulent practices so pervade a petition as to render it invalid usually involves a question of fact (Matter of Ruiz v McKenna, 40 N.Y.2d 815; Matter of Mercorella v Benza, 37 N.Y.2d 792), certainly there is a point at which the undisputed evidence establishes permeation as a matter of law (Matter of Lerner v Power, 22 N.Y.2d 767). In my view, where, as here, an overwhelming number of the total signatures collected by a single subscribing witness are struck as apparent forgeries, it can only be concluded, absent some explanation to the contrary, that the remaining signatures obtained by that witness also are invalid.
Alfonso Kitt was the subscribing witness for 58 signatures appearing on five pages of the petition designating appellant D'Angelo as a candidate in the Republican Party primary election for the office of Councilman-at-Large. After the Board of Elections invalidated 1,065 signatures, including those collected by the witness Kitt, appellant D'Angelo's petition was 355 signatures short of the number required to be placed on the ballot. At the hearing to validate the petition, appellant D'Angelo conceded that all 45 signatures appearing on three of the pages subscribed by Mr. Kitt should be struck as apparent forgeries because they failed to match the signatures appearing on the buff cards of those persons listed on said pages of the designating petition.
However, the hearing court denied petitioner Kogan's request to strike the 13 remaining signatures collected by Mr. Kitt upon the ground that all the signatures obtained *784 by him were permeated with gross irregularities. On appeal, a unanimous Appellate Division reversed, on the law, holding that "[s]ince there were conceded unexplained irregularities with respect to 45 of the 58 signatures obtained by Mr. Kitt, all of the signatures obtained by him should have been stricken".
I would agree. The record in this case establishes such an extremely high incidence of admitted irregularities in the signatures collected by the witness Kitt that, as a matter of law, the remaining signatures obtained by that witness should also be invalidated.
Accordingly, I would affirm the order of the Appellate Division.
Order reversed, without costs, and the matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.